# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| INNOMEMORY, LLC, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-00831 |
| v. ) | |
| ) | |
| AUSTIN CAPITAL BANK SSB, ) | JURY TRIAL DEMANDED |
|     Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

INNOMEMORY, LLC ("Innomemory") files this Original Complaint and demand for jury trial seeking relief from patent infringement of U.S. Patent Nos. 6,240,046 ("the '046 patent") and 7,057,960 ("the '960 patent") (referred to as the "Patents-in-Suit") by AUSTIN CAPITAL BANK SSB ("Austin Capital" or "Defendant").

## I.     THE PARTIES

1. Plaintiff Innomemory, LLC is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Austin Capital Bank ("Austin Capital" or "Defendant") is a community bank with its principal place of business located at 8100 Shoal Creek Blvd., Austin, Texas 78757. On information and belief, Austin Capital has used infringing devices and sells and offers to sell products and services throughout Texas, including in this judicial District, and introduces products and services into the stream of commerce knowing that they would be sold and used in Texas and this Judicial District. Austin Capital can be served with process through their registered agent or wherever they may be found, 8100 Shoal Creek Blvd., Suite 100, Austin, Texas 78757.

## II.  JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.  INFRINGEMENT

### A. Infringement of the '046 Patent

6. On May 29, 2001, U.S. Patent No. 6,240,046 ("the '046 patent", attached as Exhibit A) entitled "INTEGRATED CIRCUIT RANDOM ACCESS MEMORY CAPABLE OF READING EITHER ONE OR MORE THAN ONE DATA WORD IN A SINGLE CLOCK

CYCLE," was duly and legally issued by the U.S. Patent and Trademark Office. Innomemory owns the '046 patent by assignment.

7. The '046 patent relates to a novel and improved a high performance random access memory offering significant power saving in read operations.

8. Accused DDR Memory includes, but is not limited to, any memory device that complies with any of the following industry standards: DDR2, DDR3, DDR4, LPDDR3, LPDDR4, LPDDR4X, and LPDDR5. Such industry standards are defined by JEDEC, see www.jedec.org and see standard document references in the attached claim charts.

9. Support for the allegations of infringement may be found in the attached exemplary claim chart included as Exhibit B that shows a mapping of one or more claims of the '046 patent. These allegations are preliminary and are therefore subject to change.[1]

10. Accused Computing Device includes any computing device (including but not limited to, servers, desktop computers, laptops, tablets, and automated teller machines) that include the Accused DDR Memory.

11. Exemplary Vendors of Accused Computing Devices include, but are not limited to, HP, Lenovo, Acer, IBM, Asus, Dell, NCR, and Diebold.

12. Upon information and belief, Defendant has provided laptop computers to its employees, including work from home employees, that use Accused DDR Memory.

13. Upon information and belief, Defendant has owned and operated products and services involving Accused Computing Devices. Thus, Defendant has used Accused Computing Devices. Based on such use, Defendant has infringed one or more method claims of the '046

---

[1] Innomemory reserves the right to amend, including but not limited to adding claims for indirect and willful infringement, if discovery reveals pre-suit knowledge during the period of the alleged infringement.

patent, literally or under the doctrine of equivalents. Defendant's acts complained of herein have benefited Defendant and has caused harm to Plaintiff.

14. Defendant has caused Plaintiff damages by direct infringement of one or more method claims of the '046 patent.[2]

### B. Infringement of the '960 Patent

15. On June 6, 2006, U.S. Patent No. 7,057,960 ("the '960 patent", attached as Exhibit C) entitled "METHOD AND ARCHITECTURE FOR REDUCING THE POWER CONSUMPTION FOR MEMORY DEVICES IN REFRESH OPERATIONS," was duly and legally issued by the U.S. Patent and Trademark Office. Innomemory, LLC owns the '960 patent by assignment.

16. The '960 patent relates to a novel and improved method for reducing power consumption during background operations in a memory array.

17. Accused DDR Memory includes, but is not limited to, any memory device that complies with any of the following industry standards: DDR2, DDR3, DDR4, LPDDR3, LPDDR4, LPDDR4X, and LPDDR5.

18. Support for the allegations of infringement may be found in the attached exemplary claim charts included as Exhibits D and E that show a mapping of one or more claims of the '960 patent. These allegations are preliminary and are therefore subject to change.[3]

---

[2] Innomemory reserves the right to amend, including but not limited to adding claims for indirect and willful infringement, if discovery reveals pre-suit knowledge during the period of the alleged infringement.

[3] Innomemory reserves the right to amend, including but not limited to adding claims for indirect and willful infringement, if discovery reveals pre-suit knowledge during the period of the alleged infringement.

19. Accused Computing Device includes a computing device (including but not limited to, servers, desktop computers, laptops, tablets, and automated teller machines) that includes Accused DDR Memory.

20. Exemplary Vendors of Accused Computing Devices include, but are not limited to, HP, Lenovo, Acer, IBM, Asus, Dell, NCR, and Diebold.

21. Upon information and belief, Defendant has owned and operated products involving Accused Computing Devices. Thus, Defendant has used Accused Computing Devices. Based on such use, Defendant has infringed one or more method claims of the '960 patent, literally or under the doctrine of equivalents.

22. Upon information and belief, Defendant has provided laptop computers (that include Accused DDR Memory) and/or desktop computers (that include Accused DDR Memory) to its employees and/or contractors.

23. Upon information and belief, Defendant has used computer servers that include Accused DDR Memory.

24. Upon information and belief, Defendant has used automated teller machines (ATMs) that include Accused DDR Memory

25. Defendant has caused Plaintiff damage by direct infringement of the '960 patent.[4]

## IV.    JURY DEMAND

Plaintiff Innomemory hereby requests a trial by jury on issues so triable by right.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

---

[4] Innomemory reserves the right to amend, including but not limited to adding claims for indirect and willful infringement, if discovery reveals pre-suit knowledge during the period of the alleged infringement.

a.  enter judgment that Defendant has infringed the claims of the '046 patent and the '960 patent;

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.  award Innomemory such other and further relief as this Court deems just and proper.

Dated: August 17, 2022                Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for Plaintiff*
*INNOMEMORY, LLC*