IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **INNOMEMORY, LLC,** *Plaintiff,* | § § § § § § § § § | A-22-CV-00831-ADA-DTG |
| v. | | |
| **AUSTIN CAPITAL BANK SSB,** *Defendant.* | | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Austin Capital Bank's Motion to Dismiss for Failure to State a Claim (ECF No. 13) and Plaintiff's Motion for Dismissal Without Prejudice (ECF No. 17). After carefully considering the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendant's Motion (ECF No. 13) be **GRANTED** and Plaintiff's Motion (ECF No. 17) be **DENIED**.

I.   FACTUAL BACKGROUND

Plaintiff Innomemory, LLC sued Defendant Austin Capital Bank SSB for patent infringement. ECF No. 1. Plaintiff alleges that Defendant infringes U.S. Patent Nos. 6,240,046 ("'046 Patent") and 7,057,960 ("'960 Patent"). *Id.*

1

Defendant filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. ECF No. 13. Rather than responding, Plaintiff filed a Motion for Dismissal Without Prejudice. ECF No. 17. Later, Defendant filed two notices revealing that it is not in agreement with Plaintiff's representation that the parties agreed that each party would bear its own costs, expenses, and attorneys' fees, and clarifying that it seeks a dismissal with prejudice. ECF Nos. 18, 19. Plaintiff did not respond to either of these notices.

## II.     LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

## III.     DISCUSSION

Because Plaintiff did not file a response to Defendant's Motion to Dismiss, the Court may treat it as unopposed. Local Rule CV-7 provides that "[i]f there is no response filed within

the time period prescribed by this rule, the court may grant the motion as unopposed." The Court will not treat Plaintiff's Motion to Dismiss as a response because the Motion does not reference Defendant's Motion, nor does it address the merits of Defendant's Motion. Even if Plaintiff's Motion to Dismiss were treated as a response to Defendant's Motion, it fails to rebut the allegations and arguments made in Defendant's Motion. The Court therefore recommends that Defendant's Motion to Dismiss be granted as unopposed.

That said, the Court will not recommend a dismissal with prejudice. Defendant moved to dismiss under Rule 12(b)(6) for failure to state a claim. This Court does not typically dismiss with prejudice at the 12(b)(6) stage and instead prefers to give the opportunity to replead to cure pleading deficiencies. Plaintiff in this case, however, has filed a single page Motion to Dismiss requesting dismissal without prejudice and with each side bearing its costs, expenses, and attorneys' fees. ECF No. 17. Plaintiff provides no basis for its request for each side to bear its costs, expenses, and attorneys' fees, and that portion of Plaintiff's Motion is disputed as indicated in the Parties Case Readiness Status Report. ECF No. 20. In neither its response to Defendants Motion nor in Plaintiff's Motion does Plaintiff request leave to replead. Additionally, upon granting Defendant's Motion, Plaintiff's Motion becomes moot. Despite Plaintiff's failure to request leave to amend, the Court believes the interest of justice are best served by providing Plaintiff such an opportunity. The undersigned therefore recommends that Plaintiff be given leave to amend within 7 days of an order from the District Judge adopting this Report and Recommendation.

## IV.     RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss be **GRANTED** and

this case **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Motion to Dismiss be **DENIED**. The undersigned recommends that Plaintiff be given leave to amend within 7 days of an order from the District Judge adopting this Report and Recommendation.

### V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 10th day of August, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE